IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, | ) |
| | ) |
|       Petitioner, | ) |
| v. | )  Civil Action No. 2:20-00805 |
| | ) |
| TONY H. PHAM, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

On December 11, 2020, Petitioner, acting *pro se,* filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) In his Petition, Petitioner contends he has been classified as an alien and is subject to a removal order and deportation. (Id.) Petitioner appears to be challenging his post-removal-period detention. (Id.); also see Zadvydas v. Davis, 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge *within their respective jurisdictions.*" 28 U.S.C. § 2241(a)(emphasis added). Title 28 U.S.C. § 2242 provides that a petitioner should name "the person who has custody over him" as the respondent to his *habeas* petition. 28 U.S.C. § 2242. The custodian is "the person with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2006). Thus, a Section 2241 petition is properly filed in the district where the

petitioner was in custody at the time of filing and not the district that imposed sentencing. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989)(finding that judicial review must be sought under Section 2241 in the district of confinement concerning "[a] claim for credit against a sentence attack[ing] the computation and execution of the sentence rather than the sentence itself."); also see In re Jones, 226 F.3d 328, 332 (4th Cir. 2000)("A habeas petition under § 2241 must . . . be filed in the district in which the prisoner is confined."). At the time of the filing of the above Section 2241 Petition, Petitioner was incarcerated at Moore Detention Center, which is located in Okmulgee, Oklahoma. This Court, however, does not have jurisdiction over Petitioner's current warden, who is located in the Eastern District of Oklahoma. Jurisdiction with respect to Petitioner's claim is therefore in the Eastern District of Oklahoma.

Title 28 U.S.C. § 1631 provides a court with authority to transfer a case for lack of jurisdiction. Specifically, Section 1631 provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; also see 28 U.S.C. §§ 1404(a) and 1406(a). At the time Petitioner filed his above Petition, the Petition could have been properly filed in the Eastern District of Oklahoma. Pursuant to Section 1631, and in the interest of justice, it is hereby **ORDERED** that the above matter be transferred to the United States District Court for the Eastern District of Oklahoma. Petitioner is directed to address any further filings concerning this matter to that court. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court

for the Eastern District of Oklahoma.

        ENTER:    December 16, 2020

_____
    THOMAS E. JOHNSTON, CHIEF JUDGE