IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANETIRONY CLERVRAIN, ET.AL., | |
| Petitioner, | |
| v. | Case No. 20-CIV-473-RAW |
| TONY PHAM, ET.AL., | |
| Respondent. | |

**ORDER**

Before the court is the Petitioner's Application to Proceed Without Prepayment of Fees or Costs [Doc. 1] along with a Motion for Consideration and Compelling Imposition Financial Burden by Invoking the ANT(S) Movement Act [Doc. 2], which the court has filed as an action pursuant to 28 U.S.C. § 2241 indicating that Petitioner was detained by ICE (Immigration and Customs Enforcement) at the Moore Detention Center located in Okmulgee, Oklahoma. The case was originally filed in the Southern District of West Virginia and transferred to this court [Doc. 5].

As Judge Dowdell from the Northern District of Oklahoma noted in an earlier incarnation of this case, a §2241 petition may be dismissed if it plainly appears that the petitioner is not entitled to relief in the district court. *Clervrain v. Nejen*, 2020 WL 2104934, *1 (N.D.Okla.2020). As he did, this court finds that the motion does not comply with Rules 8(a)(1) and 8(a)(2) F.R.Cv.P., and Rule 2(c) of the habeas rules. *Id.*

"Since entering the federal prison system in 2011, Mr. Clervrain has filed more than thirty cases in various federal courts across the country." *Clervrain v. Revell*, 2018 WL 5281366, 1 (D.Kan.2018). Clervrain also appears to have filed the same incomprehensible pleading naming

random current and former governmental officials in many courts across the county. *Clervrain v. Marin*, 2020 WL 5408581, *2 (S.D.Calif.2020). "In short, this Court, like those in essentially every other federal jurisdiction in which Clervrain has filed, finds it simply unable to determine what causes of action are being alleged against the named Defendant or what relief is being sought." *Id.* at *3.

Mr. Clervrain has recently filed with the court a Notice of Change of Address [Doc. 7] indicating that he is no longer in custody and is residing in Anderson, Indiana. Accordingly, any 28 U.S.C. § 2241 petition is rendered moot, where the relief Petitioner requests is no longer available and cannot be redressed by a favorable judicial decision. *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002). Further, venue for a §2241 petition lies in the district where the prisoner is confined. *See Wyatt v. United States*, 574 F.3d 455, 459-60 (7th Cir. 2009).

For the reasons stated, it is the order of the court that this action, titled "Motion for Consideration and Compelling Imposition Financial Burden by Invoking the ANT(S) Movement Act" [Doc. 2] is dismissed without prejudice and the Application to Proceed Without Prepayment of Fees or Costs [Doc. 1], the Motion for Change of Venue and Clear and Convincing Evidence or the Victim of Crimes by the Various Federal Agencies or Apartheid [Doc. 8], and the Motion for Judicial Intervention(s) and Clarification [Doc. 9] are deemed moot.

ORDERED THIS 27th day of September, 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA